FILED

1

2    MARY K ZANKI
     18078 JOEL BRATTAIN DRIVE          2016 SEP -1  AM 11: 06
3    YORBA LINDA, CA 92886
     714-801-8250                      CLERK U.S. DISTRICT COURT
                                       CENTRAL DIST. OF CALIF.
4                                            SANTA ANA
     DEFENDANT IN PRO PER               LAW
5

6                    UNITED STATES DISTRICT COURT

7                  SOUTHERN DISCTRICT OF CALIFONRIA

8

9    YU  CHEN                     )    CASE NO. SACV16-01615 JVS (DFMx)
                                   )
10                                 )
               PLAINTIFF,          )
11                                 )
                                   )
12                                 )    NOTICE OF REMOVAL OF CIVIL
                                   )    ACTION- RS10-1553 FROM SUPERIOR
13                                 )    COURT OF CALIFORNIA, COUNTY OF
                                   )    ORANGE
14                                 )
     MARY K ZANKI  AND DOES 1 TO 10 )
15   _____)

16                  NOTICE OF REMOVAL OF CIVIL ACTION

17

18        MARY K. ZANKI, DEFENDANT allege:

19

20        1. MARY ZANKI, is a Defendant in a civil action originally filed on August 9, 2016, in the Superior Court

21   of the State of California, for the County of Orange, Case No. 30-201600868245, entitled YU CHEN VS MARY

22

23   ZANKI.

24

25

26

27

28

TIMELINESS OF REMOVAL

2. Defendants were served with a Summons and Complaint on or about August 9, 2016. This removal is timely under 28 U.S.C, Section 1446 (b).

3. True and complete copies of all of the process pleadings served on Defendants in this Action are attached as Exhibit A THROUGH B and no further proceedings have been had,

BASIS FOR JURISDICTION

4. This Court has original Federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

5. This Action arises under the Fourteenth Amendment under the Constitution of the United States, a Federal Statue. Plaintiffs are seeking to ply the power of the State Court to Skirt due process guarantees and deprive Defendants of their property interest notwithstanding Appellate ruling to homeowners cannot be evicted, consistent with due process guarantees, without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership. (Asuncion v. Superior Court Of San Diego, (1980), Cal. App. 4th DIST) 108 Cal. App.3d 141.

WHEREFORE, Defendant files this Notice to Remove the action now pending in the

/////////

/////////

Superior Court of California for the County of Orange, Case NO. 30-201600868245 FROM THAT

Court to this Court.

DATED: AUGUST 29, 2016

BY:

MARY ZANKI

DEFENDANT IN PRO PER

**SUM-130**

# SUMMONS COPY
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
NORTH JUSTICE CENTER

**AUG 0 9 2016**

ALAN CARLSON, Clerk of the Court

BY: _____ DEPUTY

**NOTICE TO DEFENDANT:** Rodney Holmes; Mary Zanki; and
*(AVISO AL DEMANDADO):* DOES 1 to10

**YOU ARE BEING SUED BY PLAINTIFF:** Yu Chen
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso)*
**30-2016-00868245**

1. The name and address of the court is: ORANGE COUNTY SUPERIOR COURT.
   *(El nombre y dirección de la corte es):*
   North Justice Center - 1275 N Berkley Fullerton CA 92838

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Wen Chao, Attorney at Law. 530 S. Lake Ave., Unit 256, Pasadena, CA 91101. Tel:(626) 826-9155.

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [x] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: **AUG 0 9 2016**  ALAN CARLSON  Clerk, by **B.Ryan**, Deputy
*(Fecha)*                                    *(Secretario)*              B. Ryan      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. NOTICE TO THE PERSON SERVED: You are served
   [SEAL]
   a. [x] as an individual defendant.
   b. [x] as the person sued under the fictitious name of *(specify):*
   c. [x] as an occupant
   d. [x] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [x] CCP 415.46 (occupant)             [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456. 1167

SUM-130

| PLAINTIFF *(Name):* Chen | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Holmes, et al. | |

6.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a.  Assistant's name:

   b.  Telephone no.:

   c.  Street address, city, and zip:

   d.  County of registration:

   e.  Registration no.:

   f.  Registration expires on *(date):*

COPY

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Wen Chao, Attorney at Law (SBN 237889) LAW OFFICES OF WEN CHAO 530 S. Lake Ave. Unit 256, Pasadena CA 91101 | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE NORTH JUSTICE CENTER |

TELEPHONE NO.: 626.826.9155    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff

AUG 09 2016

ALAN CARLSON, Clerk of the Court

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange County
STREET ADDRESS: 1275 N Berkley
MAILING ADDRESS:
CITY AND ZIP CODE: Fullerton 92838
BRANCH NAME: North Justice Center

PLAINTIFF: Yu Chen

DEFENDANT: Rodney Holmes; Mary Zanki;

and
[X] DOES 1 TO _10_

30-2016

COMPLAINT — UNLAWFUL DETAINER*

[x] COMPLAINT [ ] AMENDED COMPLAINT *(Amendment Number):* _____

CASE NUMBER: 00868245

**Jurisdiction** *(check all that apply):*

[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [x] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF *(name each):* Yu Chen

   alleges causes of action against DEFENDANT *(name each):*
   Rodney Holmes; Mary Zanki

2. a. Plaintiff is (1) [X] an individual over the age of 18 years. (4) [ ] a partnership.
      (2) [ ] a public agency.                                    (5) [ ] a corporation.
      (3) [ ] other *(specify):*
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   18078 Joel Brattain Dr. Yorba Linda CA 92886/County of Orange County

4. Plaintiff's interest in the premises is [X] as owner [X] other *(specify):* landlord

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):*   8/3/2015   defendant *(name each):*
      Rodney Holmes; Mary Zanki;

      (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify):* 24 months
      (2) agreed to pay rent of $ 3,980.00   payable [X] monthly [ ] other *(specify frequency):*
      (3) agreed to pay rent on the [ ] first of the month [X] other day *(specify):* 3rd day of the month
   b. This [X] written [ ] oral agreement was made with
      (1) [ ] plaintiff.                    (3) [ ] plaintiff's predecessor in interest.
      (2) [X] plaintiff's agent.            (4) [ ] other *(specify):*

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

CEB
www.ceb.com

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF (Name): Yu Chen | CASE NUMBER |
|---|---|
| DEFENDANT(Name): Rodney Holmes; Mary Zanki; | |

6. c. [X] The defendants not named in item 6a are
    (1) [X] subtenants.
    (2) [ ] assignees.
    (3) [X] other (specify): all unknown occupants in possession

  d. [ ] The agreement was later changed as follows (specify):

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked.  See Code Civ. Proc., § 1166.)

  f. [ ] (For residential property)   A copy of the written agreement is **not** attached because (specify reason):
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each):
    Rodney Holmes; Mary Zanki

    was served the following notice on the same date and in the same manner:
    (1) [X] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [ ] 3-day notice to quit
    (3) [ ] 60-day notice to quit    (6) [ ] Other (specify):

  b. (1) On (date): 8/5/2016    the period stated in the notice expired at the end of the day, respectively.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture. The 3-day notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property.  See Code Civ. Proc., § 1166.)
  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on (date):
    (2) [ ] by leaving a copy with (name or description):
        a person of suitable age and discretion, on (date):    at defendant's
        [ ] residence [ ] business   AND mailing a copy to defendant at defendant's place of residence on (date):  because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] by posting a copy on the premises on (date): 8/2/2016    [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date): 8/2/2016
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) [ ] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

  b. [ ] (Name):
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

CEB
www.ceb.com

| PLAINTIFF *(Name)*: Yu Chen | CASE NUMBER |
| --- | --- |
| DEFENDANT*(Name)* Rodney Holmes; Mary Zanki; | |

9.  [ ]  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [X]  At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 3,980.00
11. [X]  The fair rental value of the premises is $ 132.66          per day.
12. [ ]  Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil
          Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. [X]  A written agreement between the parties provides for attorney fees.
14. [ ]  Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance,
          and date of passage):*


          Plaintiff has met all applicable requirements of the ordinances.

15. [ ]  Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
    a.  possession of the premises.
    b.  costs incurred in this proceeding.
    c.  [X]  past-due rent of $ 3,980.00
    d.  [X]  reasonable attorney fees.
    e.  [X]  forfeiture of the agreement.

    f.  [X]  damages at the rate stated in item 11 from
              *(date):* 8/4/2016                    for each day that
              defendants remain in possession through entry of judgment.
    g.  [ ]  statutory damages up to $600 for the conduct alleged in item 12.
    h.  [ ]  other *(specify):*

18. [X]  Number of pages attached *(specify)*  7

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant [X] did not [ ] did   for compensation give advice or assistance
    with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a.  Assistant's name:
    b.  Street address, city, and zip code:

    c.  Telephone No.:
    d.  County of registration:
    e.  Registration No.:
    f.  Expires on *(date):*


Date: 8/6/2016

Wen Chao, Attorney
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Date: 8/8/16

Yu Chen
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]                     COMPLAINT—UNLAWFUL DETAINER            CEB          Page 3 of 3
                                                                                      www.ceb.com



CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LEASE OR**
**MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 10/01)

Yu Chen _____ ("Landlord") and
Rodney Holmes _____ Mary Zanki _____ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: 18078 Joel Brattain Dr.
      Yorba Linda, CA 92886 ("Premises").
   B. The following personal property is included: _____

2. **TERM:** The term begins on (date) 08/03/2015 ("Commencement Date"), (Check A or B):
   ☐ A. **Month-to-month:** and continues as a month-to-month tenancy. Either party may terminate the tenancy by giving written notice to the other at
      least 30 days prior to the intended termination date, subject to any applicable local laws. Such notice may be given on any date.
   ☒ B. **Lease:** and shall terminate on (date) 08/03/2017 at 12:00 ☒ AM ☐ PM.
      Any holding over after the term of this Agreement expires, with Landlord's consent, shall create a month-to-month tenancy which either party
      may terminate as specified in paragraph 2A. Rent shall be at a rate equal to the rent for the immediately preceding month, unless otherwise
      notified by Landlord, payable in advance. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:**
   A. Tenant agrees to pay rent at the rate of $ 3980.00 per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or 3rd) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the first day of the month, rent shall be prorated based on a 30-day period. If Tenant has paid
      one full month's rent in advance of Commencement Date, rent for the second calendar month shall be prorated based on a 30-day period.
   D. **PAYMENT:** The rent shall be paid by ☐ cash, ☐ personal check, ☐ money order, ☐ cashier check, ☒ other wire , to
      (name) Yu Chen, routing number 322070381, account number 2639028832 (phone) 626-200-5532 at
      (address) _____
      (or at any other location specified by Landlord in writing to Tenant) between the hours of _____ and _____
      on the following days _____

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ 5000.00 as a security deposit. Security deposit will be ☒ transferred to and held by the Owner
      of the Premises; or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (1) cure Tenant's default in payment of rent, Late Charges,
      non-sufficient funds ("NSF") fees, or other sums due; (2) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or
      licensee of Tenant; (3) clean Premises, if necessary, upon termination of tenancy; and (4) replace or return personal property or appurtenances.
      SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT. If all or any portion of the
      security deposit is used during tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to
      Tenant. Within three weeks after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of
      any security deposit received and the basis for its disposition; and (2) return any remaining portion of security deposit to Tenant.
   C. No interest will be paid on security deposit unless required by local ordinance.
   D. If security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If security deposit is held in Owner's Broker's trust
      account, and Broker's authority is terminated before expiration of this Agreement, and security deposits are released to someone other than
      Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such
      notice, Tenant agrees not to hold Broker responsible for security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:**

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from 08/03/2015 to 10/03/2015 (date) | 7960.00 | | | 08/03/2015 |
| *Security Deposit | 5000.00 | | | 08/03/2015 |
| Other | | | | |
| Other | | | | |
| Total | 12960.00 | | | 08/03/2015 |

   *The maximum amount that Landlord may receive as security deposit, however designated, cannot exceed two month's rent for an unfurnished
   Premises, or three month's rent for a furnished premises.

6. **PARKING: (Check A or B)**
   ☐ A. Parking is permitted as follows:
      The right to parking ☒ is, ☐ is not, included in the rent charged pursuant to paragraph 3. If not included in the rent, the parking rental fee
      shall be an additional $ _____ per month. Parking space(s) are to be used for parking operable motor vehicles, except for
      trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be
      kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of
      inoperable vehicles is not allowed in parking space(s) or elsewhere on the Premises.
   OR ☐ B. Parking is not permitted on the Premises.

The copyright laws of the United States (Title 17 U.S. Code) forbid the
unauthorized reproduction of this form, or any portion thereof, by photocopy
machine or any other means, including facsimile or computerized formats.
Copyright © 1994-2001, CALIFORNIA ASSOCIATION OF REALTORS®,
INC. ALL RIGHTS RESERVED.
LR-11 REVISED DATE 10/01 (PAGE 1 OF 4)

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's Initials ( YC by Set CL, as her Attorney Fact )
Tenant's Initials ( Mt )  ( )

| Reviewed by Broker or Designee | _____ | Date | _____ |
|---|---|---|---|

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR-11 PAGE 1 OF 4)**

CENTURY 21 Alpha    5504 Monterey Road    San Jose    CA 95138
Phone:408-281-2121    Fax: 408-362-9686    Wing Liew

EXHIBIT

T6750924.ZFX

Premises: 18078 Joel Brattain Dr., Yorba Linda, CA 92886     Date: 08/03/2015

**7. STORAGE: (Check A or B)**
- ☐ **A.** Storage is permitted as follows: _____
  The right to storage space ☐ is, ☐ is not, included in the rent charged pursuant to paragraph 3. If not included in rent, storage space shall be an additional $ _____ per month. Tenant shall store only personal property that Tenant owns, and shall not store property that is claimed by another or in which another has any right, title, or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, or other inherently dangerous material.

OR ☐ **B.** Storage is not permitted on the Premises.

**8. LATE CHARGE/NSF CHECKS:** Tenant acknowledges that either late payment of rent or issuance of a NSF check may cause Landlord to incur costs and expenses, the exact amount of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of rent due from Tenant is not received by Landlord within 5 (or ☐ _____) calendar days after date due, or if a check is returned NSF, Tenant shall pay to Landlord, respectively, an additional sum of $ 300.00 as Late Charge and $25.00 as a NSF fee, either or both of which shall be deemed additional rent. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date rent is due under paragraph 3, or prevent Landlord from exercising any other rights and remedies under this Agreement, and as provided by law.

**9. CONDITION OF PREMISES:** Tenant has examined Premises, all furniture, furnishings, appliances, landscaping, if any, and fixtures, including smoke detector(s).
(Check one:)
- ☐ **A.** Tenant acknowledges that these items are clean and in operative condition, with the following exceptions _____
- OR ☐ **B.** Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (such as C.A.R.'s MIMO-11).
- OR ☐ **C.** Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ _____) days after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.
- OR ☐ **D.** Other: _____

**10. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, registered felons or offenders, fire protection, other governmental services, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**11. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _____
except _____, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined by Landlord.

**12. OCCUPANTS:** The Premises are for the sole use as a personal residence by the following named persons only: _____

**13. PETS:** No animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except _____

**14. RULES/REGULATIONS:** Tenant agrees to comply with all rules and regulations of Landlord, which are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger, or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing, or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

**15. CONDOMINIUM/PLANNED UNIT DEVELOPMENT:** ☐ (If checked) The Premises is a unit in a condominium, planned unit, or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____. Tenant agrees to comply with all covenants, conditions and restrictions, bylaws, rules and regulations and decisions of HOA. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.

**16. MAINTENANCE:**
- **A.** Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings, and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them clean and sanitary. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall pay for all repairs or replacements caused by Tenant, or guests of Tenant, excluding ordinary wear and tear. Tenant shall pay for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall pay for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.
- **B.** ☐ Landlord ☑ Tenant shall water the garden, landscaping, trees and shrubs, except _____
- **C.** ☐ Landlord ☑ Tenant shall maintain the garden, landscaping, trees and shrubs, except _____

**17. ALTERATIONS:** Tenant shall not make any alterations in or about the Premises without Landlord's prior written consent, including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials.

**18. KEYS/LOCKS:**
- **A.** Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____):
  - ☐ 2 _____ key(s) to Premises,     ☐ _____ remote control device(s) for garage door/gate opener(s),
  - ☐ _____ key(s) to mailbox,       ☐ Keys to the electricity box
  - ☐ _____ key(s) to common area(s),
- **B.** Tenant acknowledges that locks to the Premises ☐ have, ☑ have not, been rekeyed.
- **C.** If Tenant rekeys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant shall not remove locks, even if installed by Tenant.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1994-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

LR-11 REVISED DATE 10/01 (PAGE 2 of 4)

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _____ ) ( _____ )

| Reviewed by Broker or Designee _____ | Date _____ |

Premises: 18078 Joel Brattain Dr., Yorba Linda, CA 92886                    Date: 08/03/2015

19. **ENTRY:** Tenant shall make Premises available to Landlord or representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors. Landlord and Tenant agree that twenty-four (24) hours notice (oral or written) shall be reasonable and sufficient notice. In an emergency, Landlord or representative may enter Premises at any time without prior notice.

20. **SIGNS:** Tenant authorizes Landlord to place For Sale/Lease signs on the Premises.

21. **ASSIGNMENT/SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without prior written consent of Landlord. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law, or otherwise, shall be null and void, and at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval, and if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligation under this Agreement.

22. ☐ **LEAD PAINT (CHECK IF APPLICABLE):** Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (such as C.A.R. Form FLD-11) and a federally approved lead pamphlet.

23. **POSSESSION:** If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ _____ ) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all rent and security deposit paid.

24. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:** Upon termination of Agreement, Tenant shall: (a) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (b) vacate Premises and surrender it to Landlord empty of all persons; (c) vacate any/all parking and/or storage space; (d) deliver Premises to Landlord in the same condition as referenced in paragraph 9; (e) clean Premises, including professional cleaning of carpet and drapes; (f) give written notice to Landlord of Tenant's forwarding address; and (g) _____

All improvements installed by Tenant, with or without Landlord's consent, become the property of Landlord upon termination.

25. **BREACH OF CONTRACT/EARLY TERMINATION:** In addition to any obligations established by paragraph 24, in event of termination by Tenant prior to completion of the original term of Agreement, Tenant shall also be responsible for lost rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for rerental.

26. **TEMPORARY RELOCATION:** Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation, or other methods, to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of rent equal to the per diem rent for the period of time Tenant is required to vacate Premises.

27. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty, which render Premises uninhabitable, either Landlord or Tenant may terminate Agreement by giving the other written notice. Rent shall be abated as of date of damage. The abated amount shall be the current monthly rent prorated on a 30-day basis. If Agreement is not terminated, Landlord shall promptly repair the damage, and rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in rent shall be made.

28. **INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss.

29. **WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: (a) Tenant obtains a valid waterbed insurance policy; (b) Tenant increases the security deposit in an amount equal to one-half of one month's rent; and (c) the bed conforms to the floor load capacity of Premises.

30. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

31. **NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
Landlord: Yu Chen                                    Tenant: Rodney Holmes

32. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. The tenant estoppel certificate acknowledges that this Agreement is unmodified and in full force, or in full force as modified, and states the modifications. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

33. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

34. ☐ **MILITARY ORDINANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and may contain potentially explosive munitions.

35. **TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report at time of application and periodically during tenancy in connection with approval, modification, or enforcement of this Agreement. Landlord may cancel this Agreement: (a) before occupancy begins; (b) upon disapproval of the credit report(s); or (c) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

36. If Landlord has entered into a contract for periodic pest control treatment of the Premises, Landlord shall give tenant a copy of the notice originally given to Landlord by the pest control company.

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's Initials (_____) (_____)
Tenant's Initials (_____) (_____)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1994-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
LR-11 REVISED DATE 10/01 (PAGE 3 OF 4)

Reviewed by _____
Broker or Designee _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR-11 PAGE 3 OF 4)**

Premises: 18078 Joel Brattain Dr., Yorba Linda, CA 92886                                      Date: 08/03/2015

**37. DATA BASE DISCLOSURE: NOTICE:** The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more, and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The data base is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

**38. OTHER TERMS AND CONDITIONS/SUPPLEMENTS:** _____

_____

The following ATTACHED supplements are incorporated in this Agreement: _____

**39. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs.

**40. ENTIRE CONTRACT:** Time is of the essence. All prior agreements between Landlord and Tenant are incorporated in this Agreement, which constitutes the entire contract. It is intended as a final expression of the parties' agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this Agreement constitutes the complete and exclusive statement of its terms, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving this Agreement. Any provision of this Agreement that is held to be invalid shall not affect the validity or enforceability of any other provision in this Agreement.

**41. AGENCY:**
**A. Confirmation:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) _____ is the agent of
(check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
• Leasing Agent: (Print firm name) _____ (if not same as Listing Agent) is the agent of
(check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
**B. Disclosure:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (such as C.A.R. form AD-11), has been provided to Landlord and Tenant, who each acknowledge its receipt.

**42. ☐ INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted/translated for Tenant into the following language: _____. Interpretation/translation service has been provided by (print name) _____ _____, who has the following Driver's License or other identification number: _____ Tenant has been advised to rely on, and has in fact solely relied on the interpretation/translation services of the above-named individual, and not on the Landlord or other person involved in negotiating the Agreement. If the Agreement has been negotiated primarily in Spanish, Tenant has been provided a Spanish language translation of this Agreement pursuant to the California Civil Code. (C.A.R. form LR-14-S fulfills this requirement.)

Signature of Interpreter/translator _____ Date _____

---

Landlord and Tenant acknowledge and agree that Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept; and (f) do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

---

Tenant _Rose B. H_                                                                         Date _8/3/15_

Tenant _Change by Sel   cl  as her Attorney in Fact_                    Date _08/03/2015_

Landlord _____                              Date _____
(Owner or Agent with authority to enter into this lease)

Landlord _____                              Date _____
(Owner or Agent with authority to enter into this lease)

Landlord Address _____ Telephone _____

Agency relationships are confirmed as above. Real estate brokers who are not also Landlord in this Agreement are not a party to the Agreement between Landlord and Tenant.

Real Estate Broker _____ By _____ Date _____
(Leasing Firm Name)

Address _____ Telephone _____ Fax _____

Real Estate Broker _____ By _____ Date _____
(Listing Firm Name)

Address _____ Telephone _____ Fax _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by | Date |
|---|---|
| Broker or Designee _____ | _____ |

EQUAL HOUSING
OPPORTUNITY

LR-11 REVISED DATE 10/01 (PAGE 4 OF 4)                                                  T6750924 ZFX

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR-11 PAGE 4 OF 4)**

## Three (3) Day Notice to Pay Rent or Quit

| | |
|---|---|
| YU CHEN | Landlord(s) |
| Plaintiff(s) | |
| vs. | |
| RODNEY HOLMES; MARY ZANKI; | |
| and ALL UNKNOWN OCCUPANTS IN POSSESSION, Tenant(s) | |
| Defendant(s) | |

TO: <u>RODNEY HOLMES; MARY ZANKI ; AND ALL UNKNOWN OCCUPANTS IN POSSESSION</u>:

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold the possession of the premises described as <u>18078 JOEL BRATTAIN DR. YORBA LINDA CA 92886</u>, there is now due, unpaid, and delinquent rent in the total sum of <u>$3,980.00</u> representing rent due for the following specified periods:

<u>$3,980.00</u>     Due from <u>07/04/2016</u> through <u>08/03/2016</u>

YOU ARE FURTHER NOTIFIED that within Three (3) days after service of this Notice on you, you must pay the amount of said rent in full or quit said premises and deliver up possession of the same to the landlord/agent or the landlord/agent will institute legal proceedings for an unlawful detainer against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover rents, damages, and costs of suit.

RENT IS TO BE PAID TO: <u>YU CHEN</u>

Please deliver your payment:

IN PERSON. At the following address: <u>LAW OFFICES OF WEN CHAO, 530 S. LAKE AVE., UNIT 256, PASADENA, CA 91101. Telephone Number (626) 826-9155.</u> Usual days and hours for rent collections are: Monday through Friday 9:00 AM through 4:00 PM (Holidays Excepted)

Date:   <u>08/01/2016</u>

/s/ Yu Chen
Landlord or Landlord's Agent

*THIS NOTICE SUPERCEDES ANY PREVIOUSLY SERVED 3-DAY NOTICE*


EXHIBIT
2

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Wen Chao <br> Law Offices of Wen Chao <br> 530 S. Lake Ave #256 <br> Pasadena, CA 91101 <br> *Telephone No:* 626-826-9155 | *FAX No:* 626-639-6069 | | | |

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* Yu Chen

*Defendant:* Rodney Holmes, et al.

| **PROOF OF SERVICE** <br> **3-DAY NOTICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the THREE DAY NOTICE TO PAY RENT OR QUIT

3. a. *Party served:*  Rodney Holmes, Mary Zanki, and All Unknown Occupants in Possession

4. *Address where the party was served:*  18078 Joel Brattain Dr. <br> Yorba Linda, CA 92886

5. *I served the party:*
   d. by other means On: Tue., Aug. 02, 2016 at: 10:16AM By posting a copy for each tenant in a conspicuous place on the property, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing (CCP§415(a)).
   (2) **(Home)** By posting a copy for each tenant in a conspicuous place on the property, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing (CCP§415(a)).
   (4) A declaration of mailing is attached.

7. *Person Who Served Papers:*
   a. Larry Gifford

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d.  *The Fee for Service was:*

e.  I am: Exempt from registration under B&P 22350(b)

**DLS**
BOSCO LEGAL SERVICES, INC.

4651 Brookhollow Circle, Suite C, Riverside, CA 92509
(951) 353-8281   FAX: (951) 353-8286

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:  Wed, Aug. 03, 2016*

Judicial Council Form <br> Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE <br> 3-DAY NOTICE**

(Larry Gifford)

wenchao.228121

EXHIBIT
3

| Attorney or Party without Attorney: Wen Chao Law Offices of Wen Chao 530 S. Lake Ave #256 Pasadena, CA 91101 Telephone No: 626-826-9155  FAX No: 626-639-6069 | For Court Use Only |
|---|---|

Ref. No or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

Plaintiff: Yu Chen

Defendant: Rodney Holmes, et al.

| **PROOF OF SERVICE** **By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|

1.  I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occurred.

2.  I served copies of the THREE DAY NOTICE TO PAY RENT OR QUIT

3.  By placing a true copy of each document in the United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

    a. Date of Mailing:                Tue., Aug. 02, 2016
    b. Place of Mailing:             Riverside, CA 92509
    c. Addressed as follows:      Rodney Holmes, Mary Zanki, and All Unknown Occupants in Possession
                              18078 Joel Brattain Dr.
                              Yorba Linda, CA 92886

4.  I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Tue., Aug. 02, 2016 in the ordinary course of business.

5.  *Person Serving:*
    a. Kevin Boucher
    b. BOSCO LEGAL SERVICES, INC.
       4651 Brookhollow Circle, Suite C
       Riverside, CA 92509
    c. (951) 353-8281

Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d.  *The Fee for Service was:*
    e.  I am: (3)  registered California process server
         *(i)*    Owner
         *(ii)  Registration No.:*     883
         *(iii)  County:*         San Bernardino

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date:  Wed, Aug. 03, 2016*

| Judicial Council Form Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE By Mail | (Kevin Boucher) | wenchao.228121 |
|---|---|---|---|

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Wen Chao, Attorney (SBN 237889)<br>LAW OFFICES OF WEN CHAO<br>530 S. Lake Ave., Unit 256<br>Pasadena, CA 91101 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>NORTH JUSTICE CENTER<br><br>AUG 09 2016<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:_____ DEPUTY |

TELEPHONE NO.: (626) 826-9155    FAX NO.: (626) 639-6069
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 1275 North Berkley Ave.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Fullerton 92838
BRANCH NAME: North Justice Center

CASE NAME:
Yu Chen v. Rodney Holmes, Mary Zanki and Does 1 to 10

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2016 |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ✓ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 0 8 6 8 2 4 5<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
✓ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/8/2016

Wen Chao, Attorney
_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# COPY

NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.
1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR *(Name)*: | | |

NAME OF COURT:
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF: Chen

DEFENDANT: Holmes, et al.

| PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER: 30-2016-00868245 |
|---|---|

| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |
|---|---|

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:
   18078 Joel Brattain Dr Yorba Linda CA 92886
   County of Orange

4. On *(insert date)*: _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ _____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| CP10.5 [New January 1, 1991] | PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25 |
|---|---|---|

| PLAINTIFF *(Name)*: Chen | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: Holmes, et al. | |

**NOTICE:** If you fail to file this claim, you will be evicted without further hearing.

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date:

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE** if all the following are true:
   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed. *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. You still occupy the premises.

*(Where to file this form)*   You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*   If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*